# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MUSTAFA WRIGHT, | CASE NO. 09cv2566-JLS (MDD) |
|---|---|
| Plaintiff, | REPORT AND RECOMMENDATION RE PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF |
| vs. | |
| N. GRANNIS, et al., | [ECF No. 75] |
| Defendants. | |

This Report and Recommendation is submitted to United States District Judge Janis L. Sammartino pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rules 72.1(c) and 72.3(f) of the United States District Court for the Southern District of California.

**I.   Background**

On April 27, 2011, Plaintiff filed a Second Amended Complaint ("SAC") alleging that Defendants violated his civil rights by placing him in a cell with a violent inmate who he alleges drugged and attacked him. Plaintiff contends that Defendants were deliberately indifferent to his health and safety when they ignored his repeated requests for a transfer. (Doc. No. 53). On May 11, 2011, Defendants filed a Motion to Dismiss Plaintiff's SAC. Subsequently, this Court issued a Report and Recommendation that Defendants' Motion be Granted. (Doc. No. 69). Plaintiff filed objections to the Report and Recommendation, and the matter is currently pending before the District Judge assigned to the case.

/ / /

On December 28, 2011, Plaintiff filed the instant Motion for Injunctive Relief, requesting that the Court issue an injunction before a final ruling is issued on Defendants' Motion to Dismiss. Specifically, Plaintiff requests that he be transferred to another prison and released from administrative segregation. (Doc. No. 75). On January 5, 2011, Defendants filed a Response to Plaintiff's Motion, asserting that Plaintiff had not established a threat of irreparable injury. (Doc. No. 76).

**II.     Legal Standard**

Injunctive relief is available to a litigant only upon a showing that there is a "real or immediate threat that the plaintiff will be wronged again - a 'likelihood of substantial and immediate irreparable injury.'" *Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)). "The Supreme Court has repeatedly cautioned that absent a threat of immediate and irreparable harm, the federal courts should not enjoin a state to conduct its business in a particular way." *Hodgers-Durgin v. De la Vina*, 199 F.3d 1037, 1042 (9th Cir. 1999), *see also Midgett v. Tri-County Metro. Transp. Dist.* 254 F.3d 850 (9th Cir. 2001) (plaintiff must show an immediate threat of substantial injury in order to obtain injunctive relief.).

When the Plaintiff is a prisoner, this well-established standard for injunctive relief must be viewed in conjunction with the requirements of the Prison Litigation Reform Act, 18 U.S.C. § 3626 ("PLRA"). Under the PLRA, the court must find that the prospective relief is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right," before granting injunctive relief. 18 U.S.C. § 3626(a)(1). In addition to making the findings required by the PLRA, the court must give 'substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.'" *See Oluwa v. Gomez*, 133 F.3d 1237, 1239 (9th Cir.1998) (citing 18 U.S.C. § 3626(a)(1)). The PLRA should be viewed, however, as changing the substantive requirements for determining when an injunction should be granted. Rather, the PLRA affects the type of prospective relief that the court may award. *Gomez v. Vernon*, 255 F.3d 1118, 1129 (9th Cir. 2001); *Smith v. Ark. Dep't of Corr.*, 103 F.3d 637, 647 (8th Cir. 1996).

### III. Discussion

In his Motion, Plaintiff contends that he is being subjected to retaliation from prison officials. *Id.* Specifically, Plaintiff asserts that on February 12, 2011, he was beaten by three corrections officers who told him "you had it coming for suing our partners." *Id.* Plaintiff alleges that, following the incident, he was placed in administrative segregation ("Ad Seg") and has yet to be placed back in general population. According to Plaintiff, the officers filed false reports after the incident, and as a result, he was found guilty of battery on a peace officer by a prison disciplinary committee. *Id.* Plaintiff contends that because he is now confined in Ad Seg, his access to the courts is being denied, leaving him unable to effectively prosecute his claim. Plaintiff asserts that he has suffered irreparable injury in two ways. First, his placement in Ad Seg was ordered without due process, and Defendants are conspiring to keep him confined there indefinitely. (Doc. No. 76 at 3). Second, he is suffering irreparable injury because he cannot do legal research or contact an attorney, thus jeopardizing his underlying civil rights lawsuit. *Id.*

As to Plaintiff's claim regarding his placement in Ad Seg, Plaintiff has failed to establish the threat of irreparable injury. According to Plaintiff's own Motion and the attached Rules Violation Report from February 12, 2011, Plaintiff's placement in Ad Seg is currently under review to correct possible errors. (Doc. No. 75 at 3-4). The matter is scheduled for re-hearing due to concerns that Plaintiff was not given his full Due Process rights when he was originally found to have attacked prison guards. (Doc. No. 75, Ex. 1). Rather than demonstrate a threat of future harm, Plaintiff's Motion demonstrates that Defendants are working to correct a possible past harm, and are attempting to protect Plaintiff's rights moving forward. The only harm suggested by Plaintiff is that the Defendants are secretly working to keep him locked in Ad Seg indefinitely. (Doc. No. 75 at 4). Plaintiff fails, however, to provide any evidence beyond his speculation to suggest that this is actually occurring. Absent a showing of real or immediate threat, the Court cannot grant injunctive relief. *Midgett*, 254 F.3d at 850. Accordingly, Plaintiff's Motion fails on this ground.

As to Plaintiff's claim that he is unable to pursue his underlying civil rights lawsuit, he has likewise failed to demonstrate the threat of irreparable injury. Prison officials are required to

1  provide prisoners with meaningful access to the courts, including "adequate law libraries" or
2  "adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977).
3  In order to show that the right to access to the courts has been violated, a plaintiff must show that
4  he suffered an actual injury caused by an unreasonable lack of access to legal facilities. *Vandelft*
5  *v. Moses*, 31 F.3d 794, 797 (9th Cir. 1994). Plaintiff's only statement in support of his claim is
6  that he "does not have the needed time" to do legal research or contact an attorney. (Doc. No. 75
7  at 3). Plaintiff's mere conclusory statement that he does not have enough time is insufficient to
8  support an award of injunctive relief. *Lyons*, 461 U.S. at 111. Plaintiff does not point to a specific
9  instance where he was unable to pursue his claim. *Vandelft*, 31 F.3d at 797. Accordingly,
10 Plaintiff's claim fails on this ground as well.

11 As Plaintiff has failed to establish a likelihood of substantial and immediate irreparable
12 injury, the Court **RECOMMENDS** that Plaintiff's Motion be **DENIED**.

13 This report and recommendation will be submitted to the United States District Judge
14 assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (1988). Any party may
15 filed written objections with the court and serve a copy on all parties by **February 13, 2012**. The
16 document shall be captioned "Objections to Report and Recommendation." Any reply to the
17 objections shall be served and filed by **February 27, 2012**.

18 The parties are advised that failure to file objections within the specified time may waive
19 the right to raise those objections on appeal of the Court's order. Martinez v. Ylst, 951 F.2d 1153
20 (9th Cir. 1991).

21 **IT IS SO ORDERED**.
22 DATED: January 23, 2012

Hon. Mitchell D. Dembin
U.S. Magistrate Judge