# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUSTAFA WRIGHT,<br><br>          Plaintiff,<br><br>vs.<br><br>N. GRANNIS, et al.,<br><br>          Defendants. | CASE NO. 09-CV-2566 JLS (MDD)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(ECF No. 124) |

Presently before the Court is Plaintiff Mustafa Wright's ("Plaintiff") Motion for Appointment of Counsel. (ECF No. 124.) Plaintiff contends that the complex nature of his case, as well as alleged mail tampering, has made it difficult for the Plaintiff to proceed *pro se*. (ECF No. 124 at 1-2.)

While there is no right to counsel in a civil action, a court may under "exceptional circumstances" exercise its discretion and "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The court must consider both "'the likelihood of success on the merits as well as the ability of the [Plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Applying these standards, the Court finds that Plaintiff has not satisfied the stringent standards required for an appointment of counsel under 28 U.S.C. § 1915(e)(1). Accordingly, Plaintiff's Motion for Appointment of Counsel must be **DENIED** at this time **WITHOUT PREJUDICE**.

However, the Court notes that, pursuant to General Order 596 which adopted a Plan for the Representation of *Pro se* Litigants in Civil Cases, "the Court may appoint counsel for purposes of trial as a matter of course in each prisoner civil rights case where summary judgment has been denied." S.D. Cal. General Order No. 596. Accordingly, the Court informs Plaintiff that he may filed a renewed motion for appointment of counsel at an appropriate time prior to commencement of trial.

**IT IS SO ORDERED**.

DATED: July 16, 2013

Honorable Janis L. Sammartino
United States District Judge